## Directors of the Poor *against* Rail-Road Com-, pany.

In a proceeding by inquest to recover damages for an injury done to land by the location and construction of a rail-road through it, the plaintiff's title is a subject of inquiry before the jury; and upon exceptions to the inquisition in the absence of proof on the subject, it will be presumed that it was rightly decided by the jury.

If a statute which gives a remedy to recover damages be repealed, and afterwards the repealing statute be repealed, it revives the remedy under the original statute.

ERROR to the Common Pleas of *York* county.

The Directors of the Poor and of the house of employment for the county of York presented a petition to the court for the appointment of a jury to assess the amount of damages done to their lands by reason of the location and construction of the Wrightsville, York and Gettysburg Rail-road through the same. The jury were summoned by the sheriff, met, viewed the premises, and assessed the damages at $1280.25.

The rail-road company took exceptions to the report.

1st. The plaintiffs are not the owners of the land in question, and cannot recover any damages for injury to it.

2d. Neither the court, the sheriff or the jurors, had jurisdiction of the subject.

The rail-road company was incorporated by the Act of 15th April 1835, which makes that provision for the assessment of damages which was pursued by the plaintiffs in this case; but this provision in the Act was repealed by an Act passed the 16th April 1838, which gave another remedy for the assessment of damages; then by an Act passed the 2d July 1842, the Act of the 16th April 1838 was repealed without any express provision to revive the former Act.

The court below set aside the inquisition.

*Campbell*, for plaintiff in error, cited 12 *Co.* 8; 7 *Cowen* 536; 9 *Whart.* 297.

*Chapin*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—Two only of the exceptions to the proceedings on the inquest have been urged. 1st, That the plaintiffs are not the owners of the land; and 2dly, That the court and inquest had no jurisdiction.

The Act of the 6th February 1804, incorporating the plaintiffs, enables the Directors of the Poor and house of employment of the county of York, by gift, alienation or bequest, to purchase and hold lands in that county, in fee-simple or otherwise. The plaintiffs, in their petition, aver, that they were the owners of the land taken possession of and used in the construction of the road; and this being a material part of their case, they were bound to prove it. And the presumption is, in the absence of all proof to the contrary, that they did prove it to the satisfaction of the inquest. It is not necessary to set out the evidence on which the judgment of the jury was founded.

But had the inquest jurisdiction? is the next question.

This proceeding is had under the Act of the 15th April 1835, incorporating the Wrightsville and York Rail-road Company; and if that Act is in force, it is conceded that the proceedings are not open to objection on that ground. But the Act of the 16th April 1838, directs that the damages caused by the location of the road shall be appraised by the State appraisers. By this Act, to which the company assented, the State appraisers are substituted, although not in express terms, for the inquest, the mode of redress provided in the original Act for persons injured by the location of the road. But by the Act of the 2d July 1842, the Board of Appraisers was abolished without providing any remedy for persons injured by the location of the road. What, then, was the legal operation of the latter Act? Does it suspend or abolish all remedies against the company, or is the remedy provided by the original Act, under which this proceeding was had, revived? By the repeal of a repealing statute, the original statute is revived. *The Bishops Case*, 12 *Rep.* 7. This rule of construction is founded on the presumption that the Legislature, by repealing the repealing statute, thereby intended to revive the former statute. Here the remedy provided by the original Act is by implication merely repealed by the substitution of another mode of redress; and this substitute is substantially repealed by the abrogation of the Board of Appraisers. So far as regards persons injured by the company, it has precisely the same effect as if the Act of the 2d July 1842 contained a clause expressly repealing the proviso of the 13th section of the Act of the 16th April 1838. Why, then, should not the original Act be revived so as to give persons injured by the company the benefit of the remedy therein prescribed? It comes within the same reasoning, for the rule is founded on the presumed intention of the Legislature, that by the repeal of the repealing statute they intended to revive the original Act. And does not the same presumption arise where the substituted remedy is repealed or abolished? Whether it be repealed expressly or abolished amounts to the same thing. When abolished, it is substantially repealed, and on principle amounts to a revival of the remedy on the original statute. No case has been cited where such a dis-

tinction has been taken. All acts in *pari materia* are to be construed together, and I cannot bring my mind to the belief that the Legislature intended to leave the plaintiffs without an effectual remedy, which can only be had in the manner pursued.

Judgment reversed, and the proceedings of the Inquest affirmed.