SAMUEL J. ALLYN *v.* THE PROVIDENCE, WARREN, & BRISTOL RAILROAD COMPANY.

A railroad company, required by its charter to name in its report of location the owners of the lands taken by it for the location and construction of its railroad, so far as the same can be ascertained, in order that notice may be given to such owners of the taking and to enable them to claim their damages, is not estopped, on the trial of a claim for damages, from disputing the title of one named in its report of location as owner of the land in respect of which damages are claimed; but may dispute such title, or the character of it, to the whole or any part of the land, especially when the owner of the land in question is no farther designated than by his family name,—his christian name not being given,—in the report.

APPEAL from the award of commissioners, appointed under the charter of the Providence, Warren, and Bristol Railroad Company, to assess damages for lands taken by said company in the construction of their railroad.

The appeal was tried, at the May term, 1856, of the court of common pleas for the county of Bristol, before Mr. Justice Sherman, with a jury; and was now brought by the appellant and claimant to this court upon exceptions to the rulings of the judge. The posture of the case and the matter of the exceptions are so fully stated in the opinion of the court, that it is not necessary to state them here.

*Wm. H. Potter* for the claimant and appellant.

*Hayes & J. M. Blake* for the railroad company.

BRAYTON, J.[1] This is an appeal from an award of commissioners, appointed under the charter of Providence, Warren, and Bristol Railroad Company, to assess damages for the lands taken by said corporation in the location and construction of their railroad. At the trial of the appeal in the court of common pleas, the appellant, in support of his claim for damages, put in evidence, that he was at the time of the location, in possession of the premises in question, and also put in evidence as to the value of the land, and other evidence tending to show the amount of damages; and rested his case.

---

[1] Justices Brayton and Sherman alone sat in this case, Ch. J. Ames and Justice Bosworth having been of counsel in it.

The defendants then put in evidence a deed of assignment, executed by the appellant, conveying to William R. Taylor, in trust for the benefit of the creditors of the assignor, the land in question and all other his estate, real and personal; said deed bearing date, June 29, 1852, and being prior to the location of said railroad.

This evidence the appellant objected to as inadmissible, on the ground, that the corporation had, in the location of their road, in accordance with the requisition of their charter, given the names of the owners of the land taken by such location, and had given the name of the owner of the lot in question as —— Allyn, and had thereby precluded themselves from disputing his title to the lands.

The judge who presided at the trial, overruled this objection, admitted the deeds to pass as evidence, and ruled, that whatever the rule might be, had the appellant been named distinctly, as the owner, yet inasmuch as the name given was not that of the appellant, but simply —— Allyn, it was competent for the defendant to deny the title of the present claimant.

The appellant, before the conclusion of the charge to the jury, offered to procure and put in evidence a release from William R. Taylor, the assignee of the estate, to the appellant, of all interest in the premises; but the judge ruled, that as such release would not show any title in the appellant at the time of the location and condemnation of the land, nor at the time of the appeal, such evidence would be immaterial, and would not entitle him to damages.

The question raised, therefore, by the exception of the appellant is, whether, in the case before us, it was competent for the defendants, in defence to this claim for damages, to prove that the claimant had no interest in land for which he claimed damages; or whether the claimant is entitled to recover damages to the full value of the land, irrespective of his interest in it.

The argument of the appellant's counsel is grounded upon that provision in the eighth section of the defendants' charter, requiring the corporation in their report of location, to particularly describe the bearings of the intended route, or any section thereof so located, and the names of the owners of the lands

through which the same may pass, so far as they can be ascertained. The counsel claims, that the corporation must do this at their peril; and though they mistake the name of the owner of the land, they are nevertheless bound by their statement, and are estopped to deny that the person named is the true and rightful owner, and has not merely an interest in the land but the sole interest in fee. The provision of the charter referred to, is followed by a provision that the report shall be placed on the files of the court and notice thereof shall be given to the owner or owners of the land embraced therein, if known; that upon the appointment of commissioners to estimate all damages which any person or persons *whose land or lands are described or mentioned in such report*, shall sustain, they shall give seasonable notice, in such manner as the court shall direct, to all persons *interested*, to file their claims within thirty days of the date of such notice.

The purpose of requiring the names of the persons through whose lands the road is located would seem to be not to bind the corporation, so much as to give the fullest notice to all such as should by possibility be injured by the location. The charter requires, therefore, the names to be inserted in the report of location, as far as ascertained, and that they should have notice, in the first place, of the location. The commissioners of assessment are further required to notify them, *as well as all other persons interested*, to file their claims within thirty days.

Though notice is thus specially, and by name, given to them to present their claims, the notice is not confined to them, but is extended to all persons who have any interest, that is, who have any claim for damages; and this, whether they are named in the report of the location or not. The commissioners are bound to hear the claim of every person who may file his claim within the time prescribed, and to award and report thereon. If not named in the report of location, he is not thereby precluded from proving his claim for damages, his interest in the land taken, and its value. Nor would he be precluded because the corporation had named another as the owner, and had mistaken the title. Nor would he be precluded though the person named had an interest, if he also had an interest in the same

land, either as joint tenant, or tenant in common, or his interest were a term for years, or for life, or an estate in fee or reversion. Each would be entitled to claim damages according to his several interest.

The present plaintiff is not named in the report of location, so as to identify him. The name of the owner of this land is given as ——— Allyn, not designating this plaintiff more than any of the many persons who bear that family name. But because he was not named, he is not thereby precluded from filing his claim for damages, and having the award of the commissioners thereon; and for this purpose, of proving his interest in the land taken, if any such he had. In this instance, he undertakes to show that his land has been taken by the corporation, and that he has been thereby injured. He has undertaken to show that the land stated in the report as belonging to some man by the name of Allyn, is his; that he is the Allyn to whom it belongs; and we do not see any reason why he is not entitled to do so, and if he is, we see no greater reason why the defendants should be precluded from showing by proof that he is not the person to whom it belongs. An estoppel must be mutual; and if the corporation could not estop the plaintiff from claiming by their report that the estate belonged to another, it would operate gross injustice, to bind them by their mistake as to the title of the estate. The consequence of such a rule would be, that the person named would be allowed to recover the full value of the land, having, it may be, no title whatever, and the true owner must also be made whole; thus twice charging the corporation for the same thing, or what is equally against all our ideas of justice, debarring the true owner from all claim for damages.

No authorities have been cited by the plaintiff in support of his position. On the part of the defendants, the case of 7 Watts & Serg. 236, is cited, in which Rogers, J., says: " The petitioner avers the land to be his, and he is bound to prove it." The objection was taken in that case, as it is here, that the defendants could not question the title of the claimant, having named him as the owner in their report, but the court overruled the objection.

In another case cited by the defendants, the commissioners of assessment decided that the claimant had no title, and so had no claim to damages. The claimant then demanded a trial by jury. The court held that he was entitled to have that question tried by a jury, as an essential element in his claim for damages, assuming that this was a vital point in his case. No question was made on that hearing, that the defendants might deny the title and put in proof upon that point. The whole case assumes the right, and that the question of title was an open question.

Both sound reason and the authorities concur in the judgment that the title of the claimant may be inquired into, together with the extent of it, in estimating the damages to be assessed to him.

The other exception, that the judge refused to delay the cause till the claimant could procure a title to the land; and that he ruled, that if he now had the deed, it could not be admitted, as it would not show title in the claimant at the time of location, nor at the time of the appeal, is equally untenable. If he would recover upon his claim, it must appear that he was the owner of the land at the time it was taken. Whoever was owner *at that time*, is alone entitled to the damages occasioned by the taking. A conveyance of the land after the damages had accrued, would not convey the right of action for such damages. That right, being a right in action only, could not be transferred, so as to enable the transferee to claim in his own name at law, and would not pass with the estate. The deed, if produced, must have been rejected.

Exceptions overruled, and judgment below ordered in accordance with the verdict.