# Mercantile Library Hall Company, Plff. in Err., *v.* City of Pittsburgh.

The statute exempting from taxation the property of the Mercantile Library Hall Company was rendered void, by the Constitution of 1873, art. 9, § 2.

Even if § 2 of art. 9 is to be ignored, the act of May 14, 1874 (P. L. 158) is a repeal of the exemption of such property from taxation.

(Argued November 2, 1887.   Decided November 11, 1887.)

October Term, 1887, No. 179, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas No. 2 of Allegheny County to review a judgment in favor of plaintiff in an action for the collection of taxes. Affirmed.

The case was submitted upon a case stated.

The facts and questions presented are fully stated in the following opinion of the court below:

The defendant corporation is the owner, and by its tenants the occupier, of a large and valuable lot and building on Penn street, Pittsburgh.  From the rent of its building for stores and other purposes, neither public nor charitable, it derives a considerable revenue.

Under the general law and the ordinances of the city of Pittsburgh this property is subject to taxation for city purposes, unless a valid existing statute can be shown exempting it from the burdens common to real estate in the city.

The defendant corporation was chartered by act of assembly approved March 18, 1859 (P. L. of 1860, p. 813.)  By the act of assembly of May 3, 1855—by the constitutional amendment of 1857, and by § 8 of its act of incorporation, the state had a right to repeal, alter, or amend the charter of this corporation.

By an act of assembly approved April 18, 1864, the real and personal property of this and another corporation was exempted

NOTE.—The effect of the constitutional provision, and the act of May 14, 1874, is fully discussed in Philadelphia v. Masonic Home, 160 Pa. 572, 23 L. R. A. 543, 40 Am. St. Rep. 736, 28 Atl. 954.

from taxation except for state purposes, and under this act the defendant claims exemption from city taxation.

The Constitution of 1873, art. 9, § 1, provides that: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the general assembly may by general laws exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."

The learned counsel for defendant reading no further, argues that this does not repeal any then existing law, and cites Coatesville Gas Co. v. Chester County, 97 Pa. 476, and numerous other similar cases in support of the position that these constitutional provisions are prospective only; that the convention framing the Constitution purposely avoided a repeal of local and special laws, fearing the utter confusion into which the state would have been thrown by an indiscriminate repeal of such laws.

This is undoubtedly true as a general proposition, but it has several exceptions. It is eminently true of the provisions of the first part of § 1 above quoted, relating to the manner of assessing and collecting taxes; but there was no fear or danger of confusion or wrong in repealing special laws in existence, exempting property from taxation other than that authorized by the first section to be exempted.

The public grievance and injustice of many of these exemption acts was notorious; and with the express and avowed purpose of ending the wrong the second section of the same article was adopted as follows: "All laws exempting property from taxation other than the property enumerated shall be void."

To say that this section is merely prospective is to say that it is utterly without meaning or good. Any statute thereafter passed in violation of any of the provisions of § 1 would necessarily be void. The intention was to save the existing laws in relation to the manner of assessing and collecting taxes, for the discretion of the legislature as to the time of their repeal; but to wipe out at once all exemptions of property from taxation other than that enumerated in § 1. All such laws "shall be void"— not when the legislature may see fit to repeal them, but immediately on the adoption of the Constitution.

The fundamental law of the state cannot properly be interpreted as though it were but a penal statute.

This obvious and only reasonable interpretation of the 1st and 2d sections of the Constitution disposes of the defendant's claim to exemption. The statute exempting its property was rendered void by the adoption of the Constitution.

We are also of the opinion that even if § 2 of art. 9 is to be ignored, the act of assembly of May 14, 1874 (P. L. 158) is a repeal of the exemption of defendant's property from taxation. The title of an act of assembly does not necessarily include a schedule of its provisions. Reading the charter of the defendant corporation, it is not an institution of purely public charity, nor is the property rented for stores, a theater, and other sundry purposes, within the exemptions authorized by the Constitution or act of 1874.

Judgment having been entered for plaintiff, defendant took this writ, specifying as error the entry of such judgment.

*George Shiras, 3d,* for plaintiff in error.—The court below is of the opinion that § 2 of art. 9 of the new Constitution is a repealing act, and that it worked an immediate repeal of all special exemption laws, including the charter exemption of the library association—that it was intended in no wise as a check on future legislation, but, in operation, it was wholly retrospective.

On the other hand, § 1 of the same article is declared, with equal positiveness, to be simply prospective; and this notwithstanding it required a long series of litigation to determine the construction.

The first section says: "All taxes shall be uniform." The second section: "All exemption laws, other than enumerated, shall be void."

In case of doubtful intent a general and fundamental law should be construed prospectively rather than retrospectively. Coatesville Gas Co. v. Chester County, 97 Pa. 481. See also Erie County v. Erie, 113 Pa. 360, 6 Atl. 136.

Article 9, § 1, does not declare that all property, whether public or private, shall be subject to taxation; nor does it contain any equivalent provision. These provisions of the Constitution do not execute themselves, but were simply mandatory to

the legislature to enact laws to carry them into effect. Article 9, § 1, of the Contsitution, requiring uniformity in the imposition and collection of taxes, did not immediately become operative. "The legislature must provide general laws for uniform taxation, and harmonize all parts of the state by repealing local and special provisions that are now in existence." Ruth's Appeal, 10 W. N. C. 498; Lehigh Iron Co. v. Lower Macungie Twp. 81 Pa. 482.

"The prohibitions of the Constitution of 1874 are prospective only, and do not repeal local statutes in force at the time of its adoption, and whose provisions are inconsistent therewith." Indiana County v. Agricultural Soc. 85 Pa. 357.

The act of May 14, 1874, is "an act to exempt from taxation . . . institutions of purely public charity." The title to the act does not contain the slighest reference to the bill being anything else than an exemption act. If it is intended to do double duty—repeal as to the past, and exempt as to the future—it seems clearly unconstitutional because its title does not express the subject-matter of the bill. Union Pass. R. Co.'s Appeal, 81 *Pa. 91; Dorsey's Appeal, 72 Pa. 192.

We fail to find a single authority sustaining the lower court in its construction of this act. In the first place, if it repeals, it must be by implication, pure and simple. Such a result is repugnant to the decision of the highest constitutional authorities, and especially so to the rulings of this very court in the numerous cases arising under the act of May 14, 1874.

Article 9, §§ 1, 2, merely imposes restrictions on future legislation. The act of May 14, 1874, is an exempting act. It was not intended to impose a tax on property before exempt, but to exempt the property therein specifically mentioned. Erie County v. Erie, 113 Pa. 360, 6 Atl. 136.

The taxation by the special act of 1848, would still continue if dependent upon repeal by the new Constitution or act of May 14, 1874. Neither work a repeal of a special law. Cumru v. Berks County, 112 Pa. 264, 3 Atl. 578.

"Rarely, if ever, does a case arise where it can justly be held that a general statute repeals a local statute by mere implication. The Constitution of 1874, upon many subjects, prohibits local or special legislation; but it changes no rule relative to the repeal by legislation of local laws existing when it was adopted." "The leaning of the courts is strongly against such construction."

Malloy v. Com. 115 Pa. 25, 7 Atl. 790. See also Sifred v. Com. 15 W. N. C. 373.

"A general statute without negative words will not repeal a prior special act, though their provisions be different." 21 Pa. 37; 70 Pa. 92.

"A subsequent law which is general does not operate as a repeal of a special law upon the same subject without express words declaring an intention to repeal." Northwestern University v. Illinois, 99 U. S. 309, 25 L. ed. 387; 78 Ill. 539.

"To make the act a repeal of another by implication they must be so clearly repugnant that they cannot stand together." Dickinson v. Dickinson, 61 Pa. 401; Erie v. Bootz, 72 Pa. 196; 24 Pa. 61; *Re* Barber, 86 Pa. 392. "Courts always construe Constitutions and statutes as prospective and not retrospective, unless constrained by the rigor of the phraseology." Cooley, Const. Lim. p. 62.

*W. C. Moreland* and *Thomas D. Carnahan,* for defendant in error.—It cannot be doubted that the legislature had the power, under the act of incorporation, the act of assembly of May 3, 1855, and the Constitutional amendment of 1857, to repeal, alter, or amend this charter; and if the legislature had such power, so, also, had the constitutional convention. Pennsylvania R. Co. v. Duncan, 111 Pa. 352, 5 Atl. 742.

Has the exemption clause of the charter been repealed? It certainly has, by § 2 of art. 9 of the Constitution, unless that section is not of itself operative, or if operative of itself, is merely prospective.

The opinion of the court below, that the second section,—"all laws exempting property from taxation other than the property above enumerated, shall be void," was intended to repeal all such laws immediately on the adoption of the Constitution, is not without precedent. It was so held in Londonderry Twp. v. Berger, 2 Pearson (Pa.) 230.

If, however, § 2, of art. 9, of the Constitution is not immediately operative, it is made so by the act of May 14, 1874 (P. L. 158), which executes the section and subjects to taxation "all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived . . . except where exempted by law for state purposes."

In this position Judge EWING is also sustained by authority; Judge LUDLOW having so held in German Soc. v. Philadelphia, 4 W. N. C. 213.

This act itself repeals the exemption clause, and it is immaterial to what purpose the income or revenue derived may be applied. Young Men's Christian Asso. v. Donohugh, 7 W. N. C. 208; Erie County v. Waterworks Comrs. 18 W. N. C. 310.

As to the question of constitutionality of the act of 1874, its title shows it to have reference to the subject of exemptions— and as Judge EWING says: "The title of an act of assembly does not necessarily include a schedule of its provisions."

PER CURIAM:

We can perceive nothing wrong in the judgment of the court below, and the opinion of the learned judge has so fully disposed of the legal questions involved in this controversy that we deem it unnecessary to add anything thereto.

Judgment affirmed.