## Mulberger et al. v. Indiana County.

*Taxation — Occupation—Farmers—Exemption—Constitutional law—Acts of April 15, 1834, and April 29, 1844.*

1. The power to tax rests upon necessity, and is inherent in every sovereignty, and there can be no presumption in favor of its relinquishment.

2. The business or vocation of farming is an "occupation" that may be taxed if there is authority of law to so tax.

3. The occupation of farming is taxable under the Act of April 15, 1834, P. L. 509.

4. The Act of April 29, 1844, P. L. 486, which expressly exempted the occupation of farming from taxation, was repealed by sections 1 and 2 of article ix of the Constitution of 1874, and such repeal revived the Act of April 15, 1834.

5. If a statute which repeals another is itself repealed, the first statute is thereby revived.

6. Section 2 of article ix of the Constitution must be read in connection with section 1 of article ix, and refers to exemption from taxation, whether it is of occupations, trades, profession or property.

Appeal from assessment of taxes on occupations of farmers. C. P. Indiana Co., June T., 1923, Nos. 170, 171 and 179.

*Peelor & Feit*, for appellants.

*James W. Mack* and *John L. Getty*, for county.

LANGHAM, P. J., June 1, 1923.—The question presented in the above stated cases is whether or not farmers of South Mahoning, Rayne and White Town-

ships should be valued and assessed with occupations and subject to taxation thereon.

We are not passing upon the question of whether or not the taxing authorities should have levied the occupation assessment and tax on farmers, but we are called upon to say whether there is authority of law to levy such tax when the necessity exists. We are not concerned personally or officially in what the assessors or county commissioners do, so long as they perform their duties according to law.

The assessors of the above named townships, and also of all other townships of this county, made a uniform valuation and assessment of $200 upon all persons engaged in the business of farming for the triennial year 1922. The above named plaintiffs appealed to the county commissioners, acting as a board of revision, asking that the assessment of the occupation tax be stricken off, whereupon the county commissioners refused to strike off said valuation and assessment and sustained the assessment so made by the assessors, hence this appeal to the Court of Common Pleas.

From the best obtainable information that we could gather, possibly a few more than one-half of the counties of our State do not assess farmers with an occupation. The balance, however, do.

"The power to tax rests upon necessity, and is inherent in every sovereignty, and there can be no presumption in favor of its relinquishment:" Bailey *v.* Magwire, 89 U. S. 215, 226; also, Kirby *v.* Shaw, 19 Pa. 258. Taxation on any or all classes of subjects is purely statutory. It is not questioned that the business or vocation of farming is an "occupation" that *may* be taxed if there is authority of law to so tax. That is the real and only question before us.

Section 4 of the Act of April 15, 1834, P. L. 509, provides, *inter alia*, as follows:

"The assessors and assistant assessors of the several counties shall, on the receipt of the precepts aforesaid, proceed to take an account in the form directed by the commissioners of the names and surnames of all the taxable inhabitants within their respective wards, townships and districts, and also an account of the following real and personal property. . . .

"III. All offices and posts of profit, professions, trades and occupations, and all single freemen above the age of twenty-one years who shall not follow any occupation or callings."

This legislation was followed by the Act of April 29, 1844, P. L. 486. Section 32 of the Act of 1844 repeals or limits the language of the Act of April 15, 1834, P. L. 509, and reads as follows: "Salaries and emoluments of office, all offices and posts of profit, professions, trades and occupations, *except the occupation of farmers*, together with all other things now taxable by the laws of this Commonwealth, shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all State and county purposes whatsoever."

It is quite clear, therefore, that under the provisions of section 32 of the Act of April 29, 1844, P. L. 486, farmers were expressly exempted from an occupation tax.

The Constitution of the Commonwealth of Pennsylvania of 1874, art. IX, § 1, reads as follows: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the general assembly may, by general laws, exempt from taxation public property used for public purposes,

4 D. & C.

actual places of religious worship, places of burial not used or held for private or corporate profit and institutions of purely public charity."

Article IX, section 2, reads as follows: "All laws exempting property from taxation other than property above enumerated shall be void."

To read the provisions of article IX, section 1, is to understand that the constitutional provisions had in mind only those specific exemptions from taxation which are particularly set forth in article I, viz., *public property used for public purposes, actual places of religious worship, places of burial not used for private or corporate profit and institutions of purely public charity;* and then, following section 1, comes the express constitutional provision, viz.: section 2, that all laws exempting property from taxation other than the property above enumerated shall be void. We are of the opinion, therefore, that the provisions of article IX, sections 1 and 2, of the Constitution of 1874 nullify the exemption which was expressly reserved to the occupation of farmers under the provisions of the Act of April 29, 1844, and that subsequent to the adoption of the Constitution of 1874 the occupation of farmers may be legally taxed along with other trades and professions.

It is argued by appellants that the Act of 1844 is not an act exempting property from taxation. On the contrary, it is an act prescribing what property and subjects shall be subject to taxation, and among the subjects of taxation it enumerates salaries and emoluments of office, "all offices and posts of profit, professions, trades and occupations, *except the occupation of farmers;*" that the provision which takes the occupation of farmers out of the assessable class of property *is not an exemption,* but an *exception;* that the Constitution of 1874 did not prescribe who should be subject to taxation; that the Constitution did not make the occupation of farmers the subject of assessment for taxation purposes; that it did not make anything the subject of assessment. That it only prescribed the rules which should govern the law-making power in the formulation of taxation legislation. Appellants further argue that their real contention is not that, at the time of the adoption of the Constitution, the occupation of farmers was exempt, their contention being that at that time *there was no law* which made the occupation of farmers the subject of taxation, and that *no such law has since been enacted.*

On this latter contention of appellants, let us see how that is. If, as contended, there was no law giving authority to tax the occupation of farmers as such, and no law subsequently passed or revived, then the appellants' position is right and these appeals should be sustained. It is admitted that section 32 of the Act of 1844 took away from or freed the occupation of farmers of a tax as theretofore authorized by the Act of 1834. You may call it an "exemption" or an "exception," or abolishing of the occupation tax, as you please. We say that section 32 of the Act of 1844 repealed the Act of 1834 in so far as the Act of 1834 placed a tax or gave authority to tax the occupation of farming, and that section 2 of article IX of the Constitution of the State of Pennsylvania specifically repealed all existing exemptions from taxation other than those enumerated in section 1 of article IX, thus reviving or leaving in full force the Act of 1834, which gives authority for the occupation of farming to be valued and assessed as other trades, professions and occupations may be.

"The common law doctrine that if a statute which repeals another is itself repealed, the first statute is thereby revived without any formal words for that purpose, has always been recognized as operative in this State, and the repeal of a repealing act revives the law repealed by the latter, except so far as such revival is inconsistent with the act by which it is revived:" 20 P.

& L. Decisions, 35303. This principle is approved by our Supreme Court in Directors of the Poor *v.* Railroad Co., 7 Watts & S. 236.

No exemption from taxation can be allowed except those enumerated in article IX, section 1, of the Constitution of Pennsylvania: Sinnemahoning Iron and Coal Co. *v.* Shaffer et al., 14 Dist. R. 368.

Section 2 of article IX of the Constitution is a repealing section. In the case of Lehigh Iron Co. *v.* Lower Macungie Township, 81 Pa. 482, Chief Justice Agnew, *inter alia,* said: "Thus the subject of repeal was directly before the mind of the convention, and was limited to laws relating to exemption only."

Section 2, article IX, of the Constitution of 1874 repeals all existing exemptions from taxation which are not included in the classes excepted in section 1 of the same article.

Exemption is regulated by the Act of May 14, 1874, passed for the purpose of carrying into effect the provisions of section 1, article IX, of the Constitution of 1874: Wagner Free Institute of Science *v.* Philadelphia et al., 1 Pa. C. C. Reps. 256.

In the case of Mercantile Library Hall Co. *v.* City of Pittsburgh, 9 Sadler, 59, the Hall Company's real and personal property was exempted from taxation, except for State purposes, by an Act of Assembly approved April 18, 1864, under which the company claimed exemption from city taxation. The court below commented on and quoted sections 1 and 2 of article IX of the Constitution, and, with reference to section 2, said: "To say that this section is merely prospective is to say that it is utterly without meaning or good. Any statute thereafter passed in violation of any of the provisions of section 1 would necessarily be void. The intention was to save the existing laws, in relation to the manner of assessing and collecting taxes, for the discretion of the legislature as to the time of their repeal, but to wipe out at once all exemptions of property from taxation other than that enumerated in section 1. All such laws 'shall be void,' not when the legislature may see fit to repeal, but immediately on the adoption of the Constitution."

The judgment in the above case was affirmed *per curiam,* the Supreme Court saying: "We can perceive nothing wrong in the judgment of the court below, and the opinion of the learned judge has so fully disposed of the legal questions involved in this controversy that we deem it unnecessary to add anything thereto."

To the effect that section 2 of article IX of the Constitution is a repealing section, see, also, Londonderry Township *v.* Berger, 2 Pearson, 230; Moore *v.* Williams, 9 Luzerne Legal Reg. 301. It may be argued that section 2 of article IX has no bearing on the case at bar, because it refers to "exempting property from taxation," and that "occupations" are not property. This section must be read in connection with section 1, and refers to exemptions from taxation, whether it is occupations, trades, professions or property. See Wagner Free Institute of Science *v.* Philadelphia et al., 1 Pa. C. C. Reps. 256.

From the foregoing discussion we conclude that there is authority of law for taxing the occupation of farming, and that authority is found in section 4 of the Act of April 15, 1834, P. L. 509.

The appeals in the above stated cases will be dismissed.

And now, June 1, 1923, the above stated cases of appeals from taxation at Nos. 170, 171 and 179, in the Court of Common Pleas of Indiana County, came on to be heard by argument of counsel, and, upon due consideration thereof, it is ordered, adjudged and decreed that said appeals be dismissed, at the cost of appellants.

From James L. Jack, Indiana, Pa.