## Upper Merion Township et al., Appellants, v. Bridgeport Borough et al.

Argued January 20, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Muscoe M. Gibson,* for appellants.—From 1915 to the present time, appellants contend that the authority to annex lands to a borough which was conferred by the Act of 1903 has been completely revoked, and no such power has existed as to boroughs incorporated under special charters.

Appellants contend that the acts which were repealed by the General Borough Act of 1915 were thereafter dead and could be revived only in the manner prescribed in the Constitution. They have not alleged that the act was suspended as said by the court below.

The Act of 1921 attempted to repeal the Act of 1915 under the guise of an amendment which reversed the policy of the Act of 1915 which by its terms applied only to the boroughs therein designated by excluding from its repealing clause all acts which applied to boroughs incorporated under special acts of assembly.

Appellants contend that this method of revival of dead laws directly violated the clause of the Constitution which provides as follows: "No law shall be revived, amended or the provision thereof extended or conferred by reference to its title only but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length."

All references to boroughs under special charters under the General Borough Act of 1834, 1851, 1915 and 1927 are to boroughs as units and not to boroughs as a class: Wheeler v. Phila., 77 Pa. 338; Com. ex rel. Fertig v. Patton, 88 Pa. 258; Beltz v. Pittsburgh, 26 Pa. Superior Ct. 66; Lloyd v. Smith, 176 Pa. 213; Ayar's App., 122 Pa. 266.

The Act of 1921 does not revive the Act of April 22, 1903, P. L. 247.

*James Herbert Egan,* for appellee.—The Act of 1921, P. L. 282, is constitutional: Sugar Notch Borough's App., 192 Pa. 349; Com. v. Mintz, 19 Pa. Superior Ct. 283; Com. v. Hazen, 20 Pa. Superior Ct. 487.

Classification based on genuine and substantial distinctions is within the constitutional power of the legislature, and an act which applies to all members of the class is general and not special: Sugar Notch Boro., supra; Com. v. Gilligan, 195 Pa. 504; Durr v. Com., 3 Pa. C. C. R. 525; Pittsburgh's Petition, 138 Pa. 401; Wilson v. Downing, 4 Pa. Superior Ct. 487; Merritt v. Whitlock, 200 Pa. 50; Rose v. Beaver Co., 204 Pa. 372; Simmon's Petition, 20 Pa. Superior Ct. 117.

The Borough of Bridgeport was incorporated by Act of February 27, 1851, and therefore the Act of 1927 can have no effect upon it, for it provides of its own terms that it shall affect only boroughs incorporated by special act of assembly since April 3, 1851.

Opinion by Mr. Chief Justice Moschzisker, February 5, 1930:

A bill was filed in this case praying that defendant borough be restrained from carrying through an attempt to annex certain adjacent territory. After hearing, the court below dismissed the bill and plaintiffs have appealed.

Defendant borough was incorporated by special act of assembly approved February 27, 1851, P. L. 115; it has not accepted the provisions of any of the general acts of assembly relating to boroughs and continues to be governed by its special charter and amendments thereto. In October, 1927, the borough council passed the ordinance here complained of, to annex the land of plaintiff township. Plaintiffs contended that defendant borough lacked power to annex land; the court below overruled this contention, saying, inter alia, "The defendants ground the annexation proceedings squarely upon the Act of [April 22,] 1903, [P. L. 247], with the

terms of which they have complied...... The act......
is in force and virtue......; therefore......defend-
ants must prevail and the bill be dismissed." Thus it
may be seen that the controlling question now before us
is whether the Act of 1903 is in effect so as to confer on
defendant borough the power of annexation sought to be
exercised in this case.

By the statute in question, which is a general act, the
legislature conferred on "the burgess and council of
any borough or incorporated town" power to annex
adjacent territory; but, so far as it related to boroughs,
the Act of 1903 was specifically repealed by chapter 13,
article I, of the General Borough Act of May 14, 1915,
P. L. 312, 427, 446, 455. In 1921, however, the legis-
lature passed the Act of April 26, 1921, P. L. 282-3; this
amended, not the above mentioned repealing chapter of
the General Borough Act of 1915, but section 6 of chap-
ter 1, article I, of that statute, which provided that "This
act shall apply to all boroughs incorporated under gen-
eral law and to all boroughs incorporated under special
law which have accepted the provisions of the Act of
April 3, 1851, entitled 'An act regulating boroughs.'
[Further that] This act shall not annul or repeal any
local or special act in force at the date of the passage of
this act, or any provision thereof," by making the pro-
vision just quoted read as follows: "This act shall apply
to all boroughs incorporated under general law and to
all boroughs incorporated under special law which have
accepted the provisions of the Act of April 3, 1851, en-
titled 'An act regulating boroughs,' and also to all bor-
oughs incorporated since April 3, 1851, by special act of
assembly, which, by the act of incorporation, have been
given the general powers of boroughs incorporated un-
der general law. This act shall not annul or repeal any
local or special act in force at the date of the passage of
this act, or any provision thereof; *nor shall this act re-
peal any act cited for repeal in the repealing clause
hereof so far as any such act applies to, or may have*

*heretofore applied to, any boroughs incorporated under*
*special acts of assembly and to which boroughs, as lim-*
*ited by the provisions of this section, this act does not*
*apply."* It is claimed by appellees that the effect of the
above quoted provision of the Act of 1921 was to revive
in defendant borough the power of annexation given to
it by the Act of 1903, notwithstanding the absolute re-
peal of that statute by the Act of 1915, and the court
below sustained this contention,—a conclusion with
which we cannot agree, because the complicated method
of expression in the above quoted excerpt from the Act
of 1921 tends to defeat itself, since it indicates an in-
tention to accomplish by indirection an end forbidden
by the Constitution.

Article III, section 7, of the Constitution of 1873,
prohibits the legislature from passing any local or spe-
cial law regulating the affairs of boroughs or changing
borough limits, and also from "indirectly enact[ing]
such special or local law by partial repeal of a general
law." Had the legislature, by the Act of 1903, attempted
to stipulate that the power of annexation therein pro-
vided was given only to boroughs "incorporated under
special acts of assembly," such legislation would un-
doubtedly have fallen squarely within the constitutional
prohibition just mentioned, unless all boroughs char-
tered by special acts of assembly could justifiably be
considered as possessing in common peculiar conditions,
differing from those prevailing in other boroughs, the
existence of which conditions would warrant putting
boroughs specially incorporated in a class by themselves
for the purpose of regulatory legislation. The state-
ment of such a classification shows its fallacy; for it is
a matter of general knowledge that, prior to the Consti-
tution of 1873, boroughs were incorporated indiscrimi-
nately by special acts of assembly, and that, in point of
fact, boroughs thus formed are not possessed of condi-
tions in common which so distinguish them from other
boroughs as to warrant separate classification for pur-

poses of legislation regulating their affairs. While the fact that numerous boroughs possess special charters meets with recognition in our written law, we find no legislation prior to 1921 attempting to group them as a separate class for legislative purposes; nor is that course warranted. Therefore, since the General Assembly could not legislate for boroughs incorporated by special acts of assembly alone, as a class, by granting to them powers not previously in any degree enjoyed (Georges Township School Directors, 286 Pa. 129, 136-7), it cannot by indirection accomplish that which it is forbidden to do directly, as is attempted by the Act of 1921. The General Borough Act of May 4, 1927, P. L. 519, 663, expressly repeals the Act of 1921, but section 106 of article I contains a saving clause as to boroughs "incorporated under special acts of assembly," such as hereinbefore quoted from the Act of 1921 itself, so that a consideration of the Act of 1927 would not add anything to the present case.

In November, 1923, section 34 of article III of the Constitution of 1873, was amended by providing that "the legislature shall have power to classify......boroughs......according to population, and all laws passed relating to each class......shall be deemed general legislation......but boroughs......shall not be divided into......more than three classes." Such a classification according to population is the usual and well-recognized mode of dividing up municipalities for purposes of legislation regulating their affairs, and in Com. ex rel. v. Patton, 88 Pa. 258, 260, we said, "There can be no proper classification of cities or counties except by population." It is not necessary, however, to apply that principle to this case, where the classification depended on is obviously unreasonable.

The attempt in the Act of 1921 to reinstate the power of annexation conferred by the Act of 1903 is void for other constitutional reasons also. Section 6 of article III of the Constitution of 1873, provides that "so much"

of any law as shall be "revived" or "amended" must be "reënacted and published at length" in the act which attempts to revive or amend the law in question. Here the act intended to be revived is that of April 22, 1903, and the law attempted to be amended is that part of chapter 13, article I, (c), P. L. 446, 455, of the Act of 1915, which provides that, "The following acts and parts of acts of assembly are repealed in so far as they relate to boroughs, viz.:—...... An act entitled 'An act enabling the burgesses and council of any borough or incorporated town, by ordinance, to annex......territory ......,' approved the 22d day of April, 1903 (P. L. 247)," yet nothing in the Act of 1903, or in the part of the Act of 1915 just quoted, is "reënacted" or "published at length" in the Act of 1921; on the contrary, the only previous legislation referred to in the Act of 1921, as intended to be affected thereby, is section 6, chapter 1, article I, of the Act of 1915. Appellees contend that, in this indirect way, the Act of 1903, specifically repealed by the Act of 1915, was impliedly revived by the Act of 1921; their theory,—also stated by the court below,—being that, "when an act repealing a former act is [itself] repealed, the original act is revived," citing Directors of the Poor v. Ry. Co., 7 W. & S. 236, 237. But the Act of 1921 does not repeal the Act of 1915; it attempts to amend a part of the latter statute, which, as before shown, is not even the portion that directly repeals the Act of 1903. Such a course cannot be made effective by reliance on the principle, called to our attention by appellees, that implied amendments are not within the constitutional provision (Searight's Est., 163 Pa. 210, 216-17) noted at the head of this paragraph, and thus serve to confer on defendant borough the power which it for a time enjoyed under the Act of 1903, before the repeal of that statute by the Act of 1915.

What we have already said is sufficient to dispose of this case, and the other points discussed in the briefs need not be ruled.

The decree of the court below dismissing plaintiffs' bill is reversed; the bill is reinstated, and the court below is directed to issue the injunction prayed for; costs to be paid by defendant borough.