## In re Merger of Lower Turkeyfoot Township School District

*Dr. Guy Hartman,* county superintendent of schools, for petitioner.

*C. L. Shaver,* of *Shaver & Heckman,* for respondent.

BOOSE, P. J., July 25, 1938.—This proceeding is before the court upon the petition of the County Board of School Directors of Somerset County for the merger of the School District of Lower Turkeyfoot Township with the School District of Confluence Borough, under the provisions of the Act of May 18, 1911, P. L. 309, as amended by the Act of May 13, 1937, P. L. 605.

The petition alleges that prior to the first day of January 1937, no school teacher was employed by the School District of Lower Turkeyfoot Township for the school year 1936-37, and prays for a decree that said school district be merged with the School District of the Borough of Confluence, and that the district thus created shall be known as the latter school district. The Board of School Directors of the School District of Confluence Borough, as well as a large number of the resident taxpayers thereof, have filed strong protests against the proposed merger, and, by their counsel, have presented a motion to dismiss the petition on the ground that the Act of 1937, supra, is unconstitutional.

The act, so far as it applies to all school districts now existing in which no teacher has been employed prior to the first day of January 1937, for the school year 1936-1937, is mandatory in requiring that such school districts shall be merged with other districts. The only discretion vested in the court is to determine the district to which it is to be annexed to effectuate the merger. As to all districts employing, prior to the first day of January 1937, for the school year 1936-37, 10 teachers, or less, the merger with other districts on or before July 1, 1941, is dependent upon the consent of the electors to such merger, to be obtained at the municipal election in the year 1939. The constitutionality of the act is challenged on the ground that it violates article III, secs. 7 and 34, of the Constitution. Article III, sec. 7, provides:

"The General Assembly shall not pass any local or special law. . . . Regulating the affairs of counties, cities, townships, wards, boroughs or school districts".

There is no constitutional objection to the classification of school districts. The legislature has a right to classify school districts for the purpose of legislation. But legislation relating to school districts of any particular class must be general, affecting the whole State, and not local or special. An act which produces, or may produce local results, offends against the above-quoted

constitutional provision, and is, therefore, void: Appeal of the City of Scranton School Dist., 113 Pa. 176; City of Reading v. Savage, 124 Pa. 328; Commonwealth v. Reynolds et al., 137 Pa. 389; City of York School District's Appeal, 169 Pa. 70; Chalfant v. Edwards et al., 173 Pa. 246; Commonwealth ex rel. v. Schumaker et al., 255 Pa. 67. A further reason urged against the constitutionality of this merger act is that it is rendered local and special because it may become effective in some school districts and not in others, dependent upon the consent of the electors: Appeal of the City of Scranton School Dist., supra; Frost v. Cherry, 122 Pa. 417; Commonwealth v. Denworth, 145 Pa. 172. It may be doubted, however, whether this provision of the act alone, if it were otherwise of general application to all school districts, or all school districts of a particular class, would condemn it as local or special legislation. Statutes that are general in character and apply to all municipal divisions throughout the Commonwealth are not unconstitutional because, by their adoption in some of the divisions and not in others, local results may be produced: Commonwealth ex rel. v. Woodring, 289 Pa. 437; Baldwin Township's Annexation, 305 Pa. 490.

The act in question is not limited by its terms to school districts of any particular class, yet it is inconceivable that it could have application to any districts other than the fourth class, as the conditions sought to be corrected by merger could scarcely exist in a district having a larger population. However, it is not general in its application to any or all classes of school districts in the State, but it relates only to those school districts now existing in which no teacher has been employed prior to January 1, 1937, for the school year 1936-37, and to all districts employing prior to January 1, 1937, for the school year 1936-37, 10 teachers, or less. It does not embrace any school districts, regardless of class, in which such conditions may exist in the future, and, therefore, it must be regarded as purely local or special legislation for

school districts in which such conditions prevailed prior to its enactment. If similar conditions should arise or exist in any other school district prior to January 1, 1938, or any subsequent year, they would not come within the provisions of this merger act. Clearly, this act offends against the constitutional provision forbidding local or special legislation for school districts, and must, therefore, be declared unconstitutional.

Article III, sec. 34, of the Constitution was added by an amendment adopted November 6, 1923, P. L. 1119, and provides:

"The Legislature shall have power to classify . . . school districts . . . according to population, and all laws passed relating to each class . . . shall be deemed general legislation within the meaning of this Constitution; but . . . school districts [shall be divided] into not more than five classes".

Prior to this amendment, the legislature had already classified the now existing school districts into four classes; and prescribed that the boundary lines of the several school districts shall be coterminous with the boundary lines of the several cities, incorporated towns, boroughs, and townships, as they then existed or may thereafter be created, changed or extended: Act of 1911, supra; the constitutionality of which classification was sustained in Minsinger v. Rau, 236 Pa. 327. The merger of school districts under the amending Act of 1937 would, in effect, be the creation of two additional classes of school districts. One class would embrace those districts which did not employ a teacher prior to January 1, 1937, for the school year 1936-37, the merger of which is mandatory after July 1, 1938; the other class would include those districts employing, prior to January 1, 1937, for the school year 1936-37, 10 teachers, or less, the merger of which could be effected after July 1, 1941, if the electors of such districts shall first have consented thereto. Such classifications would not be based upon population, and would be in conflict with the implied prohibition of

the constitutional amendment: Commonwealth ex rel. v. Wert et al., 282 Pa. 575; Upper Merion Twp. et al. v. Bridgeport Borough et al., 299 Pa. 297.

In the instant case, it may be contended that the proposed merger of the School District of Lower Turkeyfoot Township with the School District of Confluence Borough, both admittedly school districts of the fourth class, would not be the creation of a new class of districts, but that the district created by the merger would come within the now existing classification of school districts, a district of the fourth class. But the effect of such merger will at once demonstrate the fallacy of such contention. The boundary lines and limits of the merged school district would no longer be coterminous with the boundary lines of Confluence Borough; it would embrace the Borough of Confluence and the Township of Lower Turkeyfoot. The school directors of the discontinued school district, Lower Turkeyfoot Township, would automatically become members of the Board of School Directors of the School District of Confluence Borough, thereby giving a fourth class school district 10 directors, instead of five under existing law. Then too, the new school district created by such merger would have two assessors and two tax collectors, one of each in the borough and the township, consequences which were evidently not contemplated by the framers of the act. Evidently, the legislature entertained some doubt about the constitutionality of the Act of 1937, by inserting the following clause:

"The provisions of this act shall be severable, and if any of the provisions shall be held to be unconstitutional, such decision shall not affect the validity of any of the remaining provisions of this act. It is hereby declared as the legislative intent that this act would have been adopted had such unconstitutional provision not been included therein."

After a careful study of the act, we are convinced that it is unconstitutional so far as it relates to the merger of school districts, and accordingly enter the following

*Order.*

Now, July 25, 1938, the petition of the County Board of School Directors for the merger of the School District of Lower Turkeyfoot Township with the School District of Confluence Borough is dismissed.