## Commonwealth ex rel. Fertig et al. *versus* Patton et al.

1. The Act of April 18th 1878, 'to provide for the holding of courts in certain cities of this Commonwealth, is in conflict with art. 3, sect. 7, of the Constitution and void.

2. There can be no proper classification of cities or counties except by population. Geographical distinctions cannot be resorted to without entering the domain of special legislation.

3. The Act of May 23d 1874, and Wheeler *v*. City, 22 P. F. Smith 338, distinguished.

November 29th 1878. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and TRUNKEY, JJ. MERCUR and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Crawford county* : Of October and November Term 1878, No. 332.

This was an application by the Commonwealth ex relatione Samuel S. Fertig, and others, for a writ of mandamus, to compel the commissioners of Crawford county to provide suitable buildings for the holding of courts in the city of Titusville, in accordance with the Act of April 18th 1878, Pamph. L. 29. The material portions of the act and the proceedings in the court below will be found sufficiently stated in the opinion of this court. The case was heard and determined by Church, P. J., the parties having waived a trial by jury.

*Wm. S. Morris, Samuel Minor, D. D. Fassett, F. B. Guthrie, Julius Byles, L. W. Wilcox, Geo. A. Chase, Samuel Grumbine, Charles B. Guthrie, M. J. Heywang, S. T. Neill,* and *Roger Sherman,* for relators.—The Act of 1878 is general, and the classification therein made is proper: Wheeler *v*. Philadelphia, 27 P. F. Smith 348 : Kilgore *v*. Magee, 4 Norris 401 ; Walker *v*. Cincinnati, 21 Ohio St. 42 ; Van Riper *v*. Parsons, 40 N. J. 123.

*D. M. Farrelly, Thomas Rody, F. P. Ray* and *Wm. R. Bole, contra.*—The act was manifestly intended only to apply to Titusville, as there is no other city in the state which comes within its provisions, and it is, therefore, special legislation and void : art. 3, sect. 7 of Constitution ; Wheeler *v*. Philadelphia, *supra ;* City of Columbus *v*. Mitchell, 31 Ohio St. 607.

Mr. Justice PAXSON delivered the opinion of the court, January 6th 1879

[*Commonwealth v.* Patton.]

The plaintiffs filed their petition in the court below praying for a writ of mandamus to compel the commissioners of Crawford county to provide suitable buildings for the courts of said county, in the city of Titusville. The relators set forth, in said petition, that they are citizens and taxpayers of Crawford county, resident inhabitants of the city of Titusville, and suitors in the Court of Common Pleas of said county; that by the Act of Assembly of 18th of April 1828 (Pamph. L. 29), it was provided, inter alia, " that in all counties of this Commonwealth where there is a population of more than sixty thousand inhabitants, and in which there shall be any city incorporated at the time of the passage of this act with a population exceeding eight thousand inhabitants, situate at a distance from the county seat of more than twenty-seven miles by the usually travelled public road, it shall be the duty of the president judge or of the additional law judge, or of either, to make an order providing for the holding of one week of court, after each regular term of court for said county, for the trial of civil or criminal cases in said city." The petition further avers that at the time of the passage of said act the county of Crawford had a population exceeding sixty thousand; that the city of Titusville was, at that time, and is now an incorporated city with a population exceeding eight thousand, and situate more than twenty-seven miles from the county seat of said county by the usually travelled public road; that by reason of the premises the said act applies to Crawford county, and that the city of Titusville is within the provisions thereof; that by the fifth section of said act it is made the duty of the commissioners of the county to provide and furnish suitable rooms for the accommodation of the court and its officers; that the said commissioners had neglected and refused to perform this duty, &c. Upon the filing of this petition, the court awarded an alternative mandamus, and at the same time granted a rule on the commissioners to show cause why a writ of peremptory mandamus should not issue as prayed for. The respondents appeared and filed a return to the alternative writ, denying some of the material allegations of fact in said petition, and averring, in the fifth paragraph of said answer, that the said Act of Assembly is unconstitutional and void, for the reason that it is repugnant to that portion of the Constitution (art. 3, sect. 7), which declares that the General Assembly shall not pass any local or special law regulating the affairs of counties, cities, townships, wards, boroughs and school districts; changing the venue in civil and criminal cases ; locating or changing county seats, &c. The relators filed a traverse to this return, and upon the cause being placed at issue, the parties waived trial by jury, and the court below proceeded to dispose of the case both upon the law and the facts. The learned judge among other facts found the following : 1. That the county of Crawford had a population exceeding sixty thousand at the time of the passage of the act. 2. That the city of Titusville had at that time a population exceeding eight

thousand; that it was then and is now incorporated, and is situate more than twenty-seven miles from the county seat by the usually travelled road; and 3, that Crawford is the only county in the state to which the said act would apply.

The court upon hearing denied the writ.

The vital and controlling point in the case is whether the said act is obnoxious to the Constitution as being special legislation within the terms of the constitutional prohibition. It was contended for the relators that the case came within the ruling in Wheeler *v.* The City, 27 P. F. Smith 338, and that the act was general inasmuch as it applies to certain counties in the state as a class. A comparison of the act in question with the Act of 23d May 1874, under which the case of Wheeler *v.* The City arose, will show some marked features of dissimilarity. The Act of 1874 provided for the classification of the cities of the Commonwealth. For the exercise of certain corporate powers, and having respect to the numbers, character, powers and duties of certain officers thereof, the cities then in existence or *thereafter to be created* in this Commonwealth, were divided into three classes. It is true that in that classification the city of Philadelphia was the only city of the first class. But as was said in Wheeler *v.* The City, legislation is not intended for the present merely; it provides for and anticipates the wants of the future. The Act of 1874 classifies cities by their population. The Act of 18th April 1878, can hardly be said to be a classification of counties. It is true it speaks of all counties of more than sixty thousand inhabitants. But it goes on to say, "And in which there shall be any city incorporated at the time of the passage of this act with a population exceeding eight thousand inhabitants, situate at a distance from the county seat of more than twenty-seven miles by the usually travelled public road." This is classification run mad. Why not say all counties named Crawford, with a population exceeding sixty thousand, that contain a city called Titusville, with a population of over eight thousand, and situated twenty-seven miles from the county seat? Or all counties with a population of over sixty thousand watered by a certain river or bounded by a certain mountain? There can be no proper classification of cities or counties except by population. The moment we resort to geographical distinctions we enter the domain of special legislation, for the reason that such classification operates upon certain cities or counties to the perpetual exclusion of all others. The learned judge finds the fact that Crawford county is the only county in the state to which the Act of 18th April 1878 can apply at the present time. Said act makes no provision for the future, in which respect it differs from the Act of 1874, which, in express terms, provides for future cities and the expanding growth of those now in existence. That is not classification which merely designates one county in the Commonwealth, and contains no provision by which any other county may by reason of its increase of population in the future, come within the class.

[Commonwealth *v.* Patton.]

We need not pursue the subject further. We are of opinion that the legislation referred to is special and within the prohibition of the constitution. This is decisive of the case, and renders a discussion of the other points involved unnecessary.

Judgment affirmed.