# Commonwealth ex rel. *v.* Wert et al., Appellants.

*Constitutional law—Classification—Local laws—Act of July 11, 1923, P. L. 1054—Affairs of counties—Public officers—County officers—Compensation.*

1. The Act of July 11, 1923, P. L. 1054, is constitutional.

*Courts—Opinions—Limitations of expressions in opinions.*

2. General expressions in an opinion are to be taken in connection with the case in which they are used, and ought not to be extended beyond it, so as to control the judgment in a subsequent suit, wherein the question for decision is presented for the first time.

*Constitutional law—Public officers — County officers — Classification—Salaries—Amendment of Constitution (1923)—Local laws ⊢—Construction of constitutional provision—Surplusage.*

3. Under article XIV, section 5, of the state Constitution, the legislature cannot constitutionally provide a fee system for county officers, in counties containing over 150,000 inhabitants; but it may classify generally those counties which have a less population, and, as to some of the classes, may fix a salary system for the county officers therein.

4. Prior to the constitutional amendment of 1923, a general classification of counties, cities, boroughs, school districts and townships, for the purposes of legislation in regard to governmental matters, was not unconstitutional; but statutes which attempted to specially classify them, for some particular local or special matter, violated article III, section 7, of the State Constitution.

5. The constitutional amendment of 1923, authorizing the general classification of counties, cities, boroughs, school districts and townships, into a specified number of classes, and allowing legislation for each class separately, definitely determines the extent to which, in future legislation, those political subdivisions may be classified and separately legislated for.

6. Where it is reasonably possible to so construe a constitutional provision as to give effect to all the words used in it, none of them should be treated as mere surplusage.

*Statutes—Construction—Injustice to officials—Legislative question—Province of courts.*

7. The fact that a statute will possibly result in injustice being done to certain public officials, is a matter for the legislature to consider; it is not within the purview of the courts.

Argued February 2, 1925. Appeals, Nos. 360 to 363, Jan. T., 1925, by defendants, from judgments of C. P. Lehigh Co., April T., 1924, Nos. 140 to 143, awarding peremptory mandamus, in cases of Commonwealth ex rel. Orrin E. Boyle, District Attorney, v. Wilson A. Wert and Same v. John F. Stine. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for mandamus. Before RENO, P. J., and IOBST, J.

The opinion of the Supreme Court states the facts. Judgment for plaintiff. Defendants appealed.

*Error assigned* was judgment, quoting it.

*H. H. Steckel,* of *Aubrey, Steckel & Senger,* for appellants.—A statute fixing the fees of county officers is a law "regulating the affairs of counties" within the intendment of article III, section 7, of the Constitution: Morrison v. Bachert, 112 Pa. 322; Phila. Co. v. Sheehan, 263 Pa. 449; Sieber v. Juniata Co., 79 Pa. Superior Ct. 247; Davis v. Clark, 106 Pa. 377.

The power of the legislature to subdivide the constitutional classes of counties is recognized in Rymer v. Luzerne County, 142 Pa. 108, but only where the law applies to all counties of a constitutional class: Morrison v. Bachert, 112 Pa. 322.

On the question of classification, the law is clearly stated by Mr. Justice Fox in Philadelphia Co. v. Sheehan, 263 Pa. 449, 453.

*Herbert B. Frederick,* with him *Dewalt & Heydt,* for appellee.—Classification of counties is not prohibited and is therefore permissible: Wheeler v. Phila., 77 Pa. 338; Lloyd v. Smith, 176 Pa. 213; Com. v. Patton, 88 Pa. 258; Davis v. Clark, 106 Pa. 377; McCarthy v. Com., 110 Pa. 243.

The Act of July 10, 1919, is a proper and complete classification of counties and is constitutional: Lloyd v. Smith, 176 Pa. 213; Wheeler v. Phila., 77 Pa. 338; Kilgore v. Magee, 85 Pa. 401.

The Acts of July 10, 1919, and July 11, 1923, are not repugnant to article XIV, section 5, of the Constitution: Moers v. Reading, 21 Pa. 188; Ayar's App., 122 Pa. 266.

These acts construed together do not result in local or special legislation.

OPINION BY MR. JUSTICE SIMPSON, March 16, 1925:

The only question raised on these four appeals is as to the constitutionality of the Act of July 11, 1923, P. L. 1054, which requires county officers, in counties of the fifth class, to pay to the county treasurer all fees, commissions and emoluments received by them, and to accept specified sums for the services rendered by them. Appellants, who are respectively the prothonotary and recorder of deeds of Lehigh County,—admittedly a county of the fifth class,—refused to pay over the fees received by them, alleging the statute was unconstitutional; the court below held otherwise, and issued a mandamus requiring compliance with the act; these appeals followed.

The first point made is that the statute conflicts with article XIV, section 5, of the state Constitution, which refers to but two classes of counties, so far as concerns the compensation of county officers, and hence, it is argued, no other classification is allowed on this subject. It must be admitted there are general expressions suggesting that effect, in certain of our earlier decisions; but what was said in those cases was not necessary to the judgments reached; therefore, since "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used......[and] ought not to control the judgment in a subsequent suit, when the very point is presented for decision" (Cohens v. Virginia, 6 Wheaton 264, 399, per MARSHALL, C. J.; O'Malley v. O'Malley, 272 Pa. 528, 536) we are free to consider this question, which is now squarely raised.

The constitutional provision referred to is as follows: "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law. In counties containing over 150,000 inhabitants all county officers shall be paid by salary,

and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him." If this has any bearing on the present question, it is antagonistic to appellants' contention. It says "The compensation of county officers shall be regulated by law," but does not specify how they shall be regulated in counties having a population of less than 150,000,—as Lehigh County has,—thus leaving that matter to the legislature. "In counties containing over 150,000 inhabitants, all county officers shall be paid by salary"; but nothing is required as to such officers in other counties; hence, since there is no constitutional restriction as to them, the supreme legislative power, in governmental matters, remains unaffected: Weister v. Hade, 52 Pa. 474; Lewis & Nelson's App., 67 Pa. 153; Com. v. Puder, 261 Pa. 129. Moreover, any other conclusion than as stated, would have the effect of rendering useless the words "The compensation of county officers shall be regulated by law"; for, without them, the specified classification would still exist; the compensation of county officers, in counties containing over 150,000 inhabitants, would still be by salaries only; and such officers would still be compelled to pay into the county treasury all fees received by them. We are not permitted, however, to thus eliminate any of the language used, unless no other conclusion is reasonably possible (Marbury v. Madison, 1 Cranch 137; 6 R. C. L. 48); here it is possible, especially as the conclusion now reached accords with the public policy, expressed in the constitutional provision itself, viz, to get rid of the fee system, so far as it reasonably may be done. We hold, therefore, that while the legislature may not establish the fee system in counties containing over 150,000 inhabitants, it may establish the salary system in counties containing a smaller population, down to such a point as, in its judgment, the public interests may require.

It is next urged that the Act of 1923 offends against so much of article III, section 7, as relates to counties, in the provision that "The general assembly shall not pass any local or special law......regulating the affairs of counties, cities, townships, wards, boroughs or school districts." The word "affairs," as there used, is one of broad signification, and fixing the compensation of county officers is "regulating the affairs of counties": Morrison v. Bachert, 112 Pa. 322; Phila. County v. Sheehan, 263 Pa. 449. It necessarily follows that only general legislation is permissible regulating such affairs, matters of individual local concern being under the control of the localities themselves, so far, but of course only so far, as the legislature, by general statutes, has vested power in such localities.

The question of classification, here involved, has arisen more frequently in regard to statutes relating to cities, because they need more legislation than the other subdivisions specified in the Constitution; but that instrument places them all on the same plane, and, so far as the courts are concerned, they must receive the same treatment: Lloyd v. Smith, 176 Pa. 213, 218. If, therefore, the statute under consideration is to be sustained, it can be only because it is, in a constitutional sense, a general law, and not a local or special one. Which it is, depends on our construction of the Act of July 10, 1919, P. L. 887, for only by reference to it can we determine to what counties the Act of 1923 is intended to apply. That the Act of 1919 effected a general classification of counties appears on its face; and its reasonableness, if any classification be permitted, is equally patent. We cannot declare it improper, therefore, unless we deny the power to classify at all. On this subject there has been great controversy, but, so far as this court is concerned, the existence of that power has been steadily maintained since it was first announced in Wheeler v. Phila., 77 Pa. 338. The dissenting judges in Com. v. Moir, 199 Pa. 534, 559, expressed a long-existing doubt as to the wisdom of

the decision in Wheeler v. Phila., but, after thus breaking their equally long silence, they did not then suggest the case should be overruled; and although, in later appeals, counsel have frequently argued in support of that doubt, no opinion of this court has ever approved their contention.

Happily, as to future legislation, the question is set at rest by the constitutional amendment of 1923, which amends article III of the Constitution, by adding section 34 to it, allowing "the legislature......to classify counties, cities, boroughs, school districts, and townships according to population," into a certain number of classes, and to legislate for each class separately. It is noticeable that, by this amendment, counties may be divided into eight classes, the exact number specified in the Act of 1919. It is suggested by appellants that its adoption proves the prior legislative classification was not proper. Were we given to guessing, we might just as well say that, so far as counties were concerned, the amendment was intended to approve the legislative classification appearing in the Act of 1919. We know what the old law was, the mischief in it which required a remedy, and the remedy applied, namely, the settling of a difficult and disputable matter, which had been vexing the legislature, the judiciary, the bar, and all others interested, for more than half a century; that is all we do or can know on the subject.

Wheeler v. Philadelphia, supra, has often been misunderstood, or wilfully misapplied, but what it actually decided is quite clear. It held that the Act of May 23, 1874, P. L. 230, which divided the cities of the State into three classes for the purpose of legislation regarding municipal governmental matters, was a proper general classification; and, since the Constitution did not forbid it, the right of the legislature to make it remained unimpaired. All that was there said, applies with equal force to the general classification of counties by the Act of 1919. Assuming it is permissible to classify, within rea-

sonable limits, the Constitution furnishes us with no means for overriding the legislative determination of the question of necessity, unless the statute shows on its face that it is not general classification, it is not for a governmental purpose, or is simply an attempt to evade the constitutional provision; in any of these contingencies (none of them having been shown to apply to the Act of 1919, however), we could strike it down, despite the presumption in favor of constitutionality, for that presumption would necessarily yield to the truth thus made to appear. "Classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial and irrelevant ones used for the purpose of evading the constitutional prohibition": Seabolt v. Commissioners, 187 Pa. 318, 323; Mahon v. Penna. Coal Co., 274 Pa. 489, 504.

Appellants have brought to our attention no later decision of this court, and we know of none, which in any way qualifies our conclusion in Wheeler v. Phila., as thus properly understood, unless it is Ayar's App., 122 Pa. 266. In that case, the Act of April 11, 1876, P. L. 20, which divided the cities of the State into five classes, and the Act of May 24, 1887, P. L. 204, which divided them into seven classes, were each held invalid, because "the points of difference [specified in those statutes for the lower classes, cannot] possibly be regarded as essential," and hence, "as to the number of classes created, that act [the one of 1874, approved in Wheeler v. Phila.] appears to have covered the entire ground of classification." Assuming the nonessential character of the changes made by the Acts of 1876 and 1887, much can be said, as was there said, in favor of the conclusion stated; but the constitutional amendment of 1923 renders unnecessary any further consideration of the matter, though it may be added that Wheeler v. Philadelphia is cited, and tacitly, if not expressly, approved in Ayar's Appeal.

For a like reason it is unnecessary to review the other cases referred to by appellants as sustaining their contention; hence only a brief reference will be made to the last of them. In none of the acts referred to in them was there either a general classification of counties, or any reference to another statute making such classification. On the contrary, in each of them it was attempted to pass a statute applicable to counties containing more than a given number of inhabitants, often with other absurd qualifications attached (see Com. v. Patton, 88 Pa. 258; Scowden's App., 96 Pa. 422), for the sole purpose of legislating specially on some particular subject, frequently not even governmental in character; hence those acts were all properly held unconstitutional. In Phila. County v. Sheehan, 263 Pa. 449, which is the last decision of this court relied on by appellants, the Act of July 21, 1913, P. L. 878, was under consideration. It applied only to the salary of the register of wills in counties having a population of 1,500,000; it was declared unconstitutional because there was not even an attempt at general classification, but only a picking out of one locality, to legislate specially on one subject; thus making it both a "local and special law" within the direct inhibition of the Constitution.

Perhaps reference should be made here to two minor matters. One of appellants claims that, unlike cities, counties cannot properly be classified according to population. That contention runs counter to Com. v. Patton, supra, upon which he builds much of his argument on the other branch of the case. We there said (88 Pa. 258, 260): "There can be no proper classification of cities or counties except by population." This was later approved in Com. ex rel. Brown v. Gumbert, 256 Pa. 531, 534; and, so far as we can see, to attempt any other classification would result in "confusion worse confounded." It is also contended that certain of the details of the Act of 1923, not directly in issue here, result in discrimination against some of the county officers, unnecessarily

increasing the salaries of some and decreasing those of others. Assuming, without deciding, that this is so, the matter is one for correction by the legislature; it is beyond the purview of the courts: Sharpless v. Mayor of Philadelphia, 21 Pa. 147; Com. v. Moir, supra.

In conclusion, it may be added that not only is there a presumption that a necessity existed for the passage of the Acts of 1919 and 1923, but there also appears a real reason to sustain a classification of counties having less than 150,000 inhabitants. It requires no imagination to see that a substantial difference exists, as regards the work required and the fees or salaries to be paid to the county officers, especially to such as the prothonotary and recorder of deeds,—which are appellants' positions, —e. g., between Pike and Lehigh Counties, since in the latter with its 148,101 inhabitants, more than two-thirds of whom live in cities, where legal proceedings, and the recording of instruments relating to real estate, must be much more common than in Pike County, with its 6,818 population, engaged almost entirely in pursuits incident to country life, and to taking care of the summer visitors to its beautiful lakes, streams and fields.

Each of the four judgments of the court below is affirmed.