## In re Merger of Reed Township School District

*Woodside, Hutchison & Scott*, for school districts.

RICHARDS, P. J., specially presiding, October 10, 1938. —The County Board of School Directors of Dauphin County presented a petition to the Court of Common Pleas of Dauphin County for the merger of the Reed Township School District and the Halifax Township School District. This petition was presented in compliance with the provisions of the Act of May 13, 1937, P. L. 605. The merged school district was to be known as the Halifax Township School District. A motion was made by the Reed Township School District to dismiss the peti-

tion on constitutional grounds. The Board of School Directors of Dauphin County filed a request that the court decide the case without argument on its behalf. A stipulation of facts was submitted, together with a statement from the Halifax Township School District to the effect that it did not wish to assume responsibility of making the decision in regard to the merger without a vote of the people. No brief was submitted by any of the parties except Reed Township School District.

The School Code of May 18, 1911, P. L. 309, classifies the school districts of the State into four classes according to population; 24 PS §§22-26. Both Reed and Halifax Township School Districts are fourth class districts under this classification. The Reed Township School District had no teacher employed prior to January 1, 1937, for the school year 1936-1937. The School District of Halifax Township had less than ten teachers employed at the same time and for the same period. By the stipulation filed in this case, it is admitted by petitioners that the merger of the School District of Reed Township with any other district of this county at this time is impracticable and against the best interests of the educational system of the said township and of the County of Dauphin.

The Act of 1937, supra, sec. 1, amends section 108 of the Act of 1911, supra. It adds paragraph (*b*) which gives rise to the controversy in this case. Paragraph (*b*) provides in part as follows:

"From and after the first day of July, one thousand nine hundred and thirty-eight, all school districts now existing in which no teacher has been employed prior to the first day of January, one thousand nine hundred and thirty-seven, for the school year one thousand nine hundred thirty-six—one thousand nine hundred thirty-seven (1936-1937), shall be merged with other districts . . . It shall be the duty of the county board of school directors to prepare and present petitions for such mergers in ac-

cordance with standards and regulations set up by the State Council of Education."

It is mandatory upon the county board of school directors to petition the court for such consolidation.

It has been contended by the School District of Reed Township that this act violates certain constitutional requirements, especially article III, sec. 7, and article III, sec. 34. These sections provide as follows:

Article III, sec. 7: "The General Assembly shall not pass any local or special law . . .

"Regulating the affairs of . . . school districts . . . changing township lines, borough limits or school districts . . .

"Creating offices, or prescribing the powers and duties of officers in . . . school districts . . .

"Regulating the management of public schools".

Article III, sec. 34: "The Legislature shall have power to classify . . . school districts . . . according to population . . .".

The Act of 1937 in effect creates three new classes of school districts: (1) All school districts now existing in which no teacher has been employed prior to the first day of January 1937, for the school year 1936-1937; (2) school districts employing ten teachers or less prior to the first day of January 1937; and (3) All other school districts.

It can scarcely be denied that the Act of 1937 does regulate the management and affairs of the school districts. The question is: Is this done in a manner prohibited by article III, sec. 7, of the Constitution.

Classification according to population has been recognized for many years. This was first determined in Wheeler et al. v. Philadelphia et al., 77 Pa. 338, which established the classification of cities according to population. It is specifically sanctioned by article III, sec. 34, of the Pennsylvania Constitution.

We must here determine whether or not the classification established by the Act of 1937, supra, is a proper

classification, or whether it is such as would constitute the act local or special legislation, in violation of the Constitution.

In Commonwealth ex rel. et al. v. Patton et al., 88 Pa. 258, the Supreme Court of Pennsylvania held:

"There can be no proper classification of cities or counties except by population. The moment we resort to geographical distinctions we enter the domain of special legislation, for the reason that such classification operates upon certain cities or counties to the perpetual exclusion of all others."

This was cited with approval in Commonwealth ex rel. v. Gumbert et al., 256 Pa. 531, 534, and as recently as 1925, in Commonwealth ex rel. v. Wert et al., 282 Pa. 575, 583.

The classification attempted by the Act of 1937 is based exclusively upon the number of teachers employed as of January 1, 1937, for the school year 1936-1937. No provision is made to admit additional school districts to the group in the future, or to exclude from the group any school districts in the future. The classification is fixed, immutable, and unchanging. Furthermore, it is not based upon population as seems to be required by the Constitution and decisions of the Supreme Court.

It is consequently our opinion that the classification attempted by the aforesaid Act of 1937 violates article III, sec. 7, of the Constitution, and article III, sec. 34, of the Constitution. For these reasons the petition to consolidate the Reed Township School District and the Halifax Township School District is refused.

And now, October 10, 1938, the petition of the County Board of School Directors of Dauphin County to merge the School District of Reed Township and the School District of Halifax Township, both in said county, is hereby refused.